CJ-2016-01476

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

STEVEN LOGGINS, )
 )
    Plaintiff, )
 )
vs. )
 )
CSAA GENERAL INSURANCE CO., Inc., )
A Foreign Insurance Corporation, )
 )
    Defendant. )
 )

DISTRICT COURT
FILED
APR 18 2016
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

LINDA G. MORRISSEY

## PETITION

COMES NOW, the Plaintiff, by and through his undersigned attorney of record, and for his cause of action against the Defendant, alleges and states as follows, to wit:

1. That at all times hereinafter mentioned, the Plaintiff, was and is a resident of Tulsa County, State of Oklahoma.

2. Defendant CSAA General Insurance Company, Inc., (hereinafter "Defendant") is a foreign corporation doing business in Oklahoma under the name of "AAA Insurance". Defendant is organized as a business that issues insurance policies, and has substantial ties to Tulsa County, Oklahoma, because it has conducted business, and continues to do business, in Tulsa County and the State of Oklahoma.

3. The acts and omissions that are the subject of this dispute occurred in Tulsa County, Oklahoma, thus, this Court has jurisdiction of the parties hereto and the subject matter hereof.

1

EXHIBIT 1

## FACTUAL BACKGROUND

4. During the period of November 20, 2013, and May 20, 2014, the Plaintiff contracted with Defendant for vehicle insurance under policy number OKS-003713940. This policy included medical payments ("med-pay") coverage up to $10,000 for each person, and Uninsured/Underinsured (collectively referred to as "UM") motorist coverage up to $50,000 per person and $100,000 per accident.

5. On April 26, 2014, the Plaintiff was involved in an automobile accident in Tulsa County while operating a newly acquired vehicle.

6. As a result of the accident, Plaintiff was injured and incurred medical bills and expenses as a result of those injuries.

7. Shortly after the accident, Plaintiff notified Defendant pursuant to his policy about his claim for potential insurance benefits related to the April 26, 2014, accident.

8. The Defendant denied Plaintiffs claims for any insurance coverage and/or benefits on May 8, 2014, on the basis that Plaintiffs newly acquired vehicle is not able to be written to the Defendants policy due to its commercial use.

9. There was no evidence that the vehicle was being in a "commercial use" at the time of the vehicle accident that gave rise to the Plaintiffs claims for insurance benefits.

10. Further, the basis for Defendants denial of insurance benefits is contrary to Oklahoma law.

## FIRST CAUSE OF ACTION
### *Breach of Contract*

11. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

12. Plaintiff contracted for, and was the listed insured on Defendants automobile insurance policy.

13. Plaintiff has requested that the Defendant tender payment under said policy for the insurance benefits contracted for in said policy, however, the Defendant has refused. The Plaintiff has performed all conditions precedent under the policy.

14. The Defendant has breached its contract of insurance and has wholly refused or neglected to pay Plaintiff the value of the contract. Said failure constitutes a breach of contract of said insurance policy, and Plaintiff is entitled to a judgment against the Defendant for the proceeds of the insurance policy, along with any consequential damages associated with the refusal to pay.

## SECOND CAUSE OF ACTION
### *Bad Faith*

15. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

16. Plaintiff contracted for, and was the listed insured on Defendants automobile insurance policy.

17. As previously mentioned, Defendant has expressly rejected and denied Plaintiffs claim for benefits under its policy.

18. In its handling of Plaintiffs claim for benefits under the insurance policy, the Defendant breached its respective duties to deal fairly and in good faith towards Plaintiff in the following respects:

    a) Failing to pay Plaintiff the insurance benefits that he was entitled to under the policy at the time when Defendants knew the Plaintiff was entitled to those benefits;

    b) Withholding payment of benefits to the Plaintiff knowing that Plaintiff's claim for those benefits was valid;

    c) Refusing to honor Plaintiff's claim without a legitimate, arguable reason and lacking any evidence or reasonable support for its refusal;

3

  d)  Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

  e)  Intentionally and recklessly misapplying the applicable provisions of the insurance policy;

  f)  Using its unequal wealth and bargaining position to overwhelm and take advantage of the Plaintiff and to effect an economic gain for the Defendant by not paying the insurance policy proceeds that it owed by virtue of the insurance contract;

  g)  Failing to properly investigate the Plaintiff's claim for benefits;

  h)  Failing to properly evaluate the investigation that was done on Plaintiff's claim for benefits;

  i)  Deception in dealing with insured;

  j)  Creating issues and/or designing a scheme to not pay insured's rightful benefits; and,

  k)  Failing to attempt to act in good faith to effectuate a prompt, fair settlement for the Plaintiff's claim.

19. As a direct result of Defendants breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of insurance policy benefits, has suffered mental and emotional distress, anxiety, embarrassment, and financial hardship associated with the loss of income and failure to pay insurance proceeds.

20. The Defendant has acted intentionally, maliciously and in reckless disregard for the rights of Plaintiff. As a result, the Plaintiff is entitled to recover punitive damages against the Defendant for these actions.

WHEREFORE, for the reasons set forth herein, Plaintiff prays that he have and recover judgment against Defendant on his claims, to include actual damages in excess of Ten Thousand Dollars ($10,000.00), with interest accruing, and punitive damages in excess of Ten Thousand Dollars ($10,000.00), reasonable attorney fees, the costs taxable by law, and all other relief deemed appropriate by this Court.

Respectfully submitted,

MORTENSEN & ASSOCIATES, LLC

Thomas Mortensen, OBA # 19183
1331 S. Denver Ave.
Tulsa, Oklahoma 74119
(918) 392-9992 – Telephone
(918) 392-9993 – Facsimile
*Attorney for Plaintiff Steven Loggins*

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED